UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| HECTOR FRANCISCO DIAZ, | ) | CASE NO.  C08-1371-JLR |
| | ) | (CR07-108-JLR) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Hector Francisco Diaz, proceeding *pro se*, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Mr. Diaz asserts ineffective assistance of counsel in violation of the Sixth Amendment. Having considered the parties' submissions and the balance of the record, the Court recommends that Mr. Diaz's § 2255 motion be denied and this action be dismissed with prejudice.

## BACKGROUND

On March 21, 2007, a federal grand jury returned an eight-count indictment charging Mr. Diaz with one count of conspiring to distribute methamphetamine and seven additional counts of distribution of methamphetamine. (CR07-108-JLR (CR) Dkt. 1.) Each of the additional seven

REPORT AND RECOMMENDATION
PAGE -1

distribution counts corresponded to a separate sale of methamphetamine by Mr. Diaz to an undercover detective between July and October 2006. (Presentence Report (PSR) ¶¶ 5-16. [1]) Investigators had audio and video recordings of Mr. Diaz negotiating with the undercover detective, conducting drug transactions, and discussing future transactions. (PSR ¶¶ 8, 16; CR Dkt. 14 (Plea Agreement) ¶ 7.)

Throughout his prosecution, Mr. Diaz was represented by Brian Tsuchida of the Federal Public Defender's Office. On May 7, 2007, Mr. Diaz entered a guilty plea pursuant to a written plea agreement to the first of the seven distribution counts (Count 2), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 18 U.S.C. § 2. (CR Dkt. 14 ¶¶ 1, 7.) The parties entered into the following stipulation regarding Mr. Diaz's base offense level:

> 8. <u>Sentencing Factors</u>. The parties agree that the following Sentencing Guidelines provisions apply to this case:
> a. A base offense level of *at least* 26, based on Defendant's admission that he delivered 56.3 grams of a substance containing a methamphetamine mixture to the undercover officer on July 12, 2006. The parties reserve the right to present evidence and/or argument regarding whether additional conduct should increase the base offense level above 26, pursuant to the relevant conduct provisions of USSG § 2D1.1, n.12, and § 1B1.3(a)(2).

(CR Dkt. 14 ¶ 8 (emphasis in original).) On the admitted facts, Count 2 carried a mandatory minimum sentence of 5 years' imprisonment and a statutory maximum of 40 years' imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(viii); (CR Dkt. 14 ¶ 3.a).

The presentence report calculated Mr. Diaz's base offense level as 34, corresponding to

---

[1] The Presentence Report is filed in the underlying criminal case, CR07-108-JLR.

185.25 net grams of *actual* methamphetamine.[2] (PSR ¶ 22.) The PSR explained that the "relevant conduct" provisions of USSG § 1B1.3(a)(2) and § 2D1.1 n.12 required that Mr. Diaz be held accountable for the full quantity of drugs he sold to the undercover detective in all seven transactions rather than just for the drugs from the admitted transaction in Count 2. (PSR ¶ 69.) The PSR also added two levels for possession of a dangerous weapon, and awarded full credit for acceptance of responsibility, for a total offense level of 33. (PSR ¶¶ 24, 29, 32.) At criminal history category I, the Guidelines range recommended by the PSR was 135-168 months. (PSR ¶ 57.) The Probation Officer recommended a sentence of 135 months. (PSR, Sentencing Rec. at 1.)

Mr. Diaz and the government both objected to the PSR's recommended two-level gun enhancement as unsupported by the facts and contrary to the plea agreement. (CR Dkt. 17, at 3-4; CR Dkt. 18, at 3-4; Dkt. 14 ¶ 8.b.) The parties differed, however, about how to consider relevant conduct, which led to different recommendations regarding offense level, the Guidelines advisory range, and proper sentence. The government agreed with the PSR's relevant conduct determination and recommended 108 months of imprisonment. (CR Dkt. 17, at 4.) This was based on an offense level of 31 and an advisory range of 108-135 months. (*Id.*) Mr. Diaz's counsel filed a ten-page sentencing memorandum in which he argued for the statutory mandatory minimum sentence of 60 months' imprisonment. (CR Dkt. 18, at 1.) This was based on the plea agreement's reference to a base offense level of 26. Defense counsel argued that after the

---

[2] The Sentencing Guidelines direct that the offense level for methamphetamine is dictated by the entire weight of the usable *mixture*, or the weight of the *actual* drug, whichever is greater. USSG § 2D1.1(c) n.(B).

adjustment for acceptance of responsibility, the Court could choose from among the following: (a) offense level 23, advisory range 46-57 months; (b) offense level 29, advisory range 87-108 months; and (c) offense level 31, advisory range 108-135 months. (*Id.* at 3.)

On August 28, 2007, United States District Court Judge James L. Robart sentenced Mr. Diaz to 108 months of imprisonment. Judge Robart reached a total offense level of 31 by accepting the three-level reduction for acceptance of responsibility, rejecting the two-level gun enhancement, and considering the other drug offenses as relevant conduct. (Dkt. 10, Att. 1 (Sentencing Tr.), at 15-18.) Mr. Diaz did not appeal his sentence and timely mailed the instant petition on August 26, 2008. (Dkt. 2, at 1; Dkt. 10, at 10 & n.4.)

## DISCUSSION

Mr. Diaz challenges the legality of his 108-month sentence on the basis of ineffective assistance of counsel. Specifically, Mr. Diaz contends that he was deprived effective assistance of counsel because his counsel Mr. Tsuchida (1) failed to argue that the inclusion of relevant conduct violated the plea agreement and was inconsistent with Mr. Diaz's expectations; (2) chose not to demand an evidentiary hearing that would have exposed the "inherently incredible" evidence underlying the relevant conduct calculations; and (3) failed to object to, and argue against, inclusion of relevant conduct in calculating Mr. Diaz's base offense level. (Dkt. 1, Att. 1, at 7-13; Dkt. 13, at 1-9.)

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Courts evaluate claims of ineffective assistance of counsel under the two-prong test set forth in *Strickland*. Under that test, a defendant must prove (1) that counsel's performance fell below an objective standard of

REPORT AND RECOMMENDATION
PAGE -4

reasonableness and (2) that a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 687-694.

When considering the first prong of the *Strickland* test, judicial scrutiny must be highly deferential. *Id.* at 689. There is a strong presumption that counsel's performance fell within the wide range of reasonably effective assistance. *Id*. The Ninth Circuit has made clear that "'[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Campbell v. Wood*, 18 F.3d 662, 673 (9th Cir. 1994) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test requires a showing of actual prejudice related to counsel's performance. In a guilty-plea case, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The reviewing court need not address both components of the inquiry if an insufficient showing is made on one component. *Strickland*, 466 U.S. at 697. Furthermore, if both components are to be considered, there is no prescribed order in which to address them. *Id*.

**A.     The Plea Agreement and Mr. Diaz's Expectations**

Mr. Diaz alleges that his counsel Mr. Tsuchida failed to perform his "Sixth Amendment duty to demonstrate to the District Court that when Movant pled guilty he was clearly under the assumption that he was only being held responsible for 56.3 grams of methamphetamine that was delivered to an undercover police officer on July 12, 2006." (Dkt. 1, Att. 1, at 5.) Mr. Diaz's assertion is contradicted by the plain language of the plea agreement and the statements he made

to the undersigned judge during his plea hearing.

Mr. Diaz's plea agreement states that the base offense level would be "*at least* 26, based on Defendant's admission that he delivered 56.3 grams of a substance containing a methamphetamine mixture to the undercover officer on July 12, 2006." (CR Dkt. 14 ¶ 8.a (emphasis in original).) The parties' intent to make Level 26 the floor but not the ceiling is explained in the sentence immediately following, wherein "[t]he parties reserve the right to present evidence and/or argument regarding whether additional conduct should increase the base offense level above 26, pursuant to the relevant conduct provisions of USSG § 2D1.1, n.12, and § 1B1.3(a)(2)." This unambiguous language provided that a higher base offense level was possible, reserved the right to litigate for or against that possibility, and specified that the relevant conduct provisions of the Sentencing Guidelines provided the legal basis for any potential increase. In the plea agreement, Mr. Diaz stated: "Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty." (CR Dkt. 14 ¶ 14.) At the plea hearing, Mr. Diaz affirmed that he had gone over the plea agreement with counsel, that it had been translated into Spanish, and that he understood that the parties reserved the right to present evidence on whether the base offense level should be higher than 26.

It would have been frivolous for defense counsel to have argued at sentencing that a base offense level above 26 was inconsistent with the plea agreement or Mr. Diaz's expectations as reiterated at the plea hearing. Mr. Tsuchida's failure to make such an argument neither demonstrated performance that fell below an objective standard of reasonableness nor had a

prejudicial effect on Mr. Diaz's sentence. To the extent Mr. Diaz contends that reliance on Mr. Tsuchida's advice rendered his guilty plea involuntary (Dkt. 13, at 2), he cannot show the requisite prejudice: both the written plea agreement and the plea hearing show Mr. Diaz's awareness of the elements of the crime, the sentencing consequences, and the waived rights. Furthermore, Mr. Diaz does not deny that the government possesses audio- and video-taped evidence of him repeatedly dealing drugs to an undercover detective and he does not assert actual innocence.

Mr. Diaz has failed to demonstrate that Mr. Tsuchida provided ineffective assistance of counsel because the inclusion of relevant conduct violated the plea agreement or because the agreement was inconsistent with Mr. Diaz's expectations.

**B.     Evidence Underlying Relevant Conduct Calculations**

Mr. Diaz contends that counsel provided ineffective assistance because Mr. Tsuchida "had a duty to conduct an independent investigation" into the amount of methamphetamine reasonably attributable to Mr. Diaz. (Dkt. 1, Att. 1, at 5.) According to Mr. Diaz, counsel's failure to seek an evidentiary hearing about the evidence underlying the other drug transactions deprived him of the opportunity to attack the credibility of "inherently incredible testimony by the Government's informants hoping to receive reductions in their sentences by inculpating Movant without any corroborating physical evidence whatsoever." (Dkt. 1, Att. 1, at 9.) Mr. Diaz also challenges counsel's failure to attack the district court's drug quantity "approximation." (Dkt. 1, Att. 1, at 10-11.) None of Mr. Diaz's contentions are supported by the record.

The methamphetamine used to calculate Mr. Diaz's base offense level was sold by Mr. Diaz himself directly to an undercover detective on seven different occasions during controlled, monitored transactions verified by audio and video recordings. (PSR ¶¶ 7-14.) Such evidence

was not subject to the kind credibility attack that Mr. Diaz contends should have been levied against government informants. Furthermore, the drug quantities used to calculate Mr. Diaz's relevant conduct were not mere approximations; they were based on forensic chemical analyses that yielded exact net weights for the evidence. (*Id.*)

It was not objectively unreasonable for Mr. Tsuchida to choose not to challenge the admitted facts and instead pursue equitable and legal strategies designed to minimize the impact of those facts on his sentence. *See Jackson v. Calderon*, 211 F.3d 1148, 1156 n.4 (9th Cir. 2000) ("If counsel's choice was a reasonable tactical one, his performance was not deficient."). Mr. Diaz therefore has not demonstrated ineffective assistance of counsel on this basis.

## C. Arguments Against Inclusion of Relevant Conduct

Mr. Diaz argues that Mr. Tsuchida "abandoned his role as Movant's advocate and therefore rendered ineffective assistance of counsel by failing to object nor raise the issue of the drug quantity consistent with the applicable base offense level Movant admitted to." (Dkt. 1, Att. 1, at 12.) Mr. Diaz's contention is contradicted by the record. Mr. Tsuchida argued vigorously both in his Sentencing Memorandum and orally at the sentencing hearing that the sentencing court should not include the six uncharged drug sales as relevant conduct in calculating the base offense level or, alternatively, should not include the full quantity of drugs suggested in the PSR.

Defense counsel acknowledged that the sentencing court could (but should not) consider the six uncharged offenses to be relevant conduct under the Guidelines. (Dkt. 10, Att. 1, at 4.) Such a concession was prudent given the evidence and the proper application of the Guidelines. USSG §§ 1B1.3(a)(2), 2D1.1 n.12; *see United States v. Grissom*, 525 F.3d 691, 697 (9th Cir. 2008) (reversing and remanding for resentencing where a district court refused to apply relevant

conduct provisions to dismissed drug transactions). Mr. Tsuchida then argued against such a "mechanical" application of the Guidelines, (Dkt. 10, Att. 1, at 4), advocating instead for two alternative approaches. Under the first approach, the sentencing court would use the net weight of the methamphetamine *mixture* to determine base offense level, rather than the amount of *actual* methamphetamine, to yield a total offense level of 29 and an advisory range of 87-108 months. (*Id.* at 5-6; CR Dkt. 18, at 3.) Under the second approach, the sentencing court would not consider the six other drug offenses at all because the police could have and should have arrested Mr. Diaz after the first transaction rather than string him along until he faced a much higher sentence based on drug quantities. (Dkt. 10, Att. 1, at 7-8.) This "sentence entrapment" approach would yield a total offense level of 23 and an advisory range of 46-57 months. (CR Dkt. 18, at 3.) Mr. Tsuchida then lobbied for a 60-month sentence, the lowest sentence allowable by statute and the plea agreement, by referring to Mr. Diaz's history of hard work, his dependent family members, his lack of a criminal history, the drug addiction that drove him into crime, his low-level status in the drug operation, and his post-sentence removal from the country. (Dkt. 10, Att. 1, at 7-13; CR Dkt. 18, at 6-8.)

That Mr. Tsuchida's arguments did not ultimately prevail does not mean that his performance fell below an objective standard of reasonableness. In fact, there is every indication that Mr. Diaz benefitted from counsel's vigorous representation. Mr. Diaz was sentenced to 108 months, i.e., 9 years. Had he been convicted of all the drug counts, rather than pleading guilty to a single count, he would have faced a mandatory minimum of 10 years. *Compare* 21 U.S.C. § 841(b)(1)(A) (mandatory minimum sentence of 10 years)    *with* 21 U.S.C. § 841(b)(1)(B) (mandatory minimum sentence of 5 years); *see also Grissom*, 525 F.3d at 698 n.4 ("[A]lthough

relevant conduct has a substantial effect on the sentencing guidelines range for drug crimes, it does not raise the statutory minimum or maximum for the crime of conviction."). Had the sentencing court adopted one of Mr. Tsuchida's novel arguments, Mr. Diaz would be serving a substantially shorter sentence. Mr. Diaz has thus failed to demonstrate ineffective assistance of counsel with respect to Mr. Tsuchida's argumentation about relevant conduct.

## CONCLUSION

For the reasons set forth above, the Court recommends that Mr. Diaz's § 2255 motion be DENIED. No evidentiary hearing is required as the record conclusively shows that Mr. Diaz is not entitled to relief. A proposed Order of Dismissal accompanies this Report and Recommendation.

DATED this 16th day of January, 2009.

Mary Alice Theiler
United States Magistrate Judge